IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| MARK SALAMA<br>2003 Arthur Street<br>Philadelphia, PA 19152<br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUCKYVITAMIN, LLC<br>555 E. North Lane, Suite 6050<br>Conshohocken, PA 19428<br><br>　　And<br><br>GENERAL NUTRITION CORPORATION<br>300 Sixth Avenue<br>Pittsburgh, PA 15222<br>　　　　　Defendants. | :<br>:<br>:  Civil Action No.: _____<br>:<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

---

## COMPLAINT – CIVIL ACTION

Plaintiff Mark Salama ("Plaintiff"), by and through his undersigned counsel, for his Complaint against LuckyVitamin, LLC and General Nutrition Corporation (collectively referred to as "Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by discharging Plaintiff on account of his disability and/or because Defendant regarded him as being disabled within the meaning of the ADA, and in retaliation for requesting a reasonable accommodation in connection thereto.

### PARTIES

2. Plaintiff, Mark Salama, is a citizen of the United States and Pennsylvania who currently maintains a residence at 2003 Arthur Street, Philadelphia, PA 19152.

3. Upon information and belief, Defendant, LuckyVitamin, LLC, is a limited liability company operating and existing under the laws of the Commonwealth of Pennsylvania, with a business address of 555 E. North Lane, Suite 6050, Conshohocken, PA 19428.

4. Upon information and belief, Defendant, General Nutrition Corporation, parent company of LuckyVitamin LLC, is a for-profit corporation operating and existing under the laws of the Commonwealth of Pennsylvania, with a business address of 300 Sixth Avenue, Pittsburgh, PA 15222.

5. Upon information and belief, Defendants Lucky Vitamin, LLC and General Nutrition Corporation are joint, single and/or integrated employers.

6. At all times relevant hereto, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

7. Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

**8.** On or about August 1, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq*. Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2018-05037. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

9. By correspondence dated February 19, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against the Defendants.

10. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This Court has original jurisdiction over Plaintiff's ADA claim, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court had pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as his federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendants reside in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. On or about October 6, 2017, Defendants hired Plaintiff to work as an Accounts Payable Manager.

16. Throughout his employment with Defendants, Plaintiff performed his job well, receiving occasional praise and no discipline.

17. On or about December 8, 2017, Plaintiff was involved in a tragic motor vehicle collision while driving home from work. Plaintiff was transported to the trauma center at Abington Hospital subsequent to the collision and kept overnight for observation.

18. While at the hospital, Plaintiff notified Sam Wolf ("Mr. Wolf), Defendants' President, that he was involved in a motor vehicle collision.

19. Eventually, the injuries Plaintiff sustained were diagnosed as rib contusions and neck and back disc bulges.

20. Plaintiff's injuries qualify as disabilities within the meaning of the ADA in that they substantially impair Plaintiff's ability to perform major life activities, such as carrying objects of moderate to heavy weight, performing routine manual tasks, working, sleeping, standing, sitting, bending, and general comfort.

21. Upon discharge from the hospital, Plaintiff's physician restricted Plaintiff from returning to work until on or about December 26, 2017.

22. Plaintiff was advised by his physician that rib contusions typically take six (6) to eight (8) weeks to heal, and that he would continue to monitor Plaintiff's recovery.

23. Following Plaintiff's next doctor's appointment, Plaintiff provided Defendants' Human Resources Department ("HR"), specifically Sara Scoles ("Ms. Scoles"), with documentation from his physician and requested to extend his medical leave of absence.

24. Then, on or about December 26, 2017, Plaintiff's doctor extended Plaintiff's leave of absence until on or about January 16, 2018.

25. Each time Plaintiff's leave was extended by his physician, Plaintiff would supplement his original documentation with Ms. Scoles. Plaintiff's medical leave was extended twice, each time for an additional two (2) weeks.

26. On or about February 2, 2018, Plaintiff's physician release him to return to work on full duty beginning on or about February 26, 2018.

27. Immediately thereafter, Plaintiff notified Ms. Scoles of his return to work date.

28. Suspiciously, on or about February 6, 2018, Ms. Scoles advised Plaintiff that Defendants' were unable to hold his position open and that his employment was terminated, effective February 5, 2018.

29. Upon information and belief, on or around January 17, 2018, shortly after Plaintiff advised Defendant of his injuries, Defendant posted a job advertisement for Plaintiff's position.

30. It is believed and therefore averred Defendants terminated Plaintiff's employment because of his actual and/or perceived disabilities, and in retaliation for his request for a reasonable accommodation in connection thereto.

31. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C § 12101, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

34. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

35. Plaintiff's rib contusions and neck and back disc bulges substantially limit his ability to engage in major life activities.

36. Defendants were aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

37. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

38. By reasons of the foregoing, Defendants, through its agents, officers, servants, and/or employees, have violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of his actual and/or perceived disability and request for reasonable accommodations in connection thereto.

39. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *Preeya Bansal* 
Preeya Bansal, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
pbansal@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 5/13/2019

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.